UNITED STATES DISTRICT COURT
SOUTHERN DISTRICT OF NEW YORK

BETTY MARIA SUAZO URENA;
ENMANUEL TORRES JIMENEZ,

                Plaintiffs,

-against-

UNITED STATES POSTAL SERVICES,

                Defendants.

25-CV-1167 (LLS)

ORDER OF DISMISSAL

LOUIS L. STANTON, United States District Judge:

    Plaintiffs, who are appearing *pro se*, bring this action against the United States Postal Service ("USPS"), alleging that their mail was lost or damaged. By order dated February 26, 2025, the Court granted Plaintiffs' request to proceed *in forma pauperis* ("IFP"), that is, without prepayment of fees. The Court dismisses this action for the reasons set forth below.

## STANDARD OF REVIEW

    The Court must dismiss an IFP complaint, or any portion of the complaint, that is frivolous or malicious, fails to state a claim on which relief may be granted, or seeks monetary relief from a defendant who is immune from such relief. 28 U.S.C. § 1915(e)(2)(B); *see Livingston v. Adirondack Beverage Co.*, 141 F.3d 434, 437 (2d Cir. 1998). The Court must also dismiss a complaint when the Court lacks subject matter jurisdiction of the claims raised. *See* Fed. R. Civ. P. 12(h)(3).

    While the law mandates dismissal on any of these grounds, the Court is obliged to construe *pro se* pleadings liberally, *Harris v. Mills*, 572 F.3d 66, 72 (2d Cir. 2009), and interpret them to raise the "strongest [claims] that they *suggest*," *Triestman v. Fed. Bureau of Prisons*, 470 F.3d 471, 474 (2d Cir. 2006) (internal quotation marks and citations omitted) (emphasis in original). But the "special solicitude" in *pro se* cases, *id*. at 475 (citation omitted), has its limits –

to state a claim, *pro se* pleadings still must comply with Rule 8 of the Federal Rules of Civil Procedure, which requires a complaint to make a short and plain statement showing that the pleader is entitled to relief.

## BACKGROUND

The following facts are drawn from the complaint. On December 13, 2024, Plaintiffs sent a package via USPS to the United States Citizenship and Immigration Services ("USCIS"). The package contained various USCIS forms, as well as copies of personal identification documents, family photos, bank statements, and money orders. Plaintiffs allege that the "only thing [they] rec[ei]ved back" was a copy of a social security card, a single picture, copies of their birth certificates, and only one of the several money orders. (ECF 1, at 7.) "Every thing else" was "lost and damage[d]." (*Id.*)

Plaintiffs seek financial compensation for the lost money orders and other items that were lost or damaged. (*Id.*)

## DISCUSSION

The USPS is "an independent establishment of the executive branch of the Government of the United States." 39 U.S.C. § 201. The doctrine of sovereign immunity bars federal courts from hearing all suits for monetary damages against the federal government, including its agencies and employees acting in their official capacities, except where sovereign immunity has been waived. *See United States v. Mitchell*, 445 U.S. 535, 538 (1980) (quoting *United States v. Sherwood*, 312 U.S. 584, 586 (1941)). As a governmental agency, the USPS and its employees are entitled to sovereign immunity. *See Dolan v. USPS*, 546 U.S. 481, 484 (2006).

The Federal Tort Claims Act, 28 U.S.C. §§ 1346(b), 2671-80 ("FTCA"), provides for a waiver of sovereign immunity for injuries arising from the tortious conduct of federal officers or agents acting within the scope of their office or employment. 28 U.S.C. § 1346(b)(1). Congress,

however, has carved out certain exceptions to the FTCA's broad waiver of sovereign immunity. One exception is the "postal matter exception," which preserves sovereign immunity for "[a]ny claim arising out of the loss, miscarriage, or negligent transmission of letters or postal matter." 28 U.S.C. § 2680(b); *Raila v. United States*, 355 F.3d 118, 119 (2d Cir. 2004). The Supreme Court of the United States has construed this provision as retaining immunity for "injuries arising, directly or consequentially, because mail either fails to arrive at all or arrives late, in damaged condition, or at the wrong address." *Dolan*, 546 U.S. at 489. Thus, the USPS is immune from suit for "personal or financial harms arising from nondelivery or late delivery of sensitive materials or information . . . or from negligent handling of a mail parcel[.]" *Id.*

Plaintiffs' claim that the USPS lost or damaged their mail falls squarely within the postal matter exception. The FTCA therefore does not waive the sovereign immunity of the USPS for such claims, and Plaintiffs' claims must be dismissed on the basis of sovereign immunity, for lack of subject matter jurisdiction.[1]

District courts generally grant a *pro se* plaintiff an opportunity to amend a complaint to cure its defects, but leave to amend is not required where it would be futile. *See Hill v. Curcione*, 657 F.3d 116, 123-24 (2d Cir. 2011); *Salahuddin v. Cuomo*, 861 F.2d 40, 42 (2d Cir. 1988). Because the defects in Plaintiffs' complaint cannot be cured with an amendment, the Court declines to grant Plaintiffs leave to amend their complaint.

---

[1] Plaintiffs' complaints about their mail service may be directed to the Postal Rate Commission ("PRC") has exclusive jurisdiction over service complaints involving the USPS. *See* 39 U.S.C. § 3662; *Nolen v. U.S. Postal Serv.*, No. 11-CV-114, 2013 WL 660153, at *8 (D. Vt. Feb. 22, 2013); *Shelby Res., Inc. v. U.S. Postal Serv.*, 619 F. Supp. 1546, 1548-49 (S.D.N.Y. 1985) (holding that a hearing by the PRC is the "sole remedy for a user of postal services who is not receiving adequate service"). An adverse ruling from the PRC may be appealed to the United States Court of Appeals for the District of Columbia. *See* 39 U.S.C. § 3663; *Foster v. Pitney Bowes, Inc.*, No. 11-CV-303, 2012 WL 2997810, at *3 (E.D. Pa. July 23, 2012).

**CONCLUSION**

The Court dismisses the complaint, filed IFP under 28 U.S.C. § 1915(a)(1), on the basis of sovereign immunity, for lack of subject matter jurisdiction. *See* Fed. R. Civ. P. 12(h)(3).

The Court directs the Clerk of Court to enter judgment in this action.

SO ORDERED.

Dated: May 21, 2025
New York, New York

*Louis L. Stanton*
Louis L. Stanton
U.S.D.J.